UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MERCEDES WHITE, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:21-CV-00485-RDP |
| SECRETARY, DEPARTMENT OF VETERAN AFFAIRS, | } |
| Defendant. | } |

# MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss. (Doc. # 9). The motion is fully briefed (Docs. # 9, 13, 17, 18) and ripe for decision. For the reasons provided below the motion is due to be granted.

## I.   Background

Plaintiff filed this action on April 7, 2021. (Doc. # 1). She claims that the Department of Veteran Affairs violated Title VII of the Civil Rights Act of 1964 by subjecting her to unequal terms and conditions of employment and retaliation, and by blocking a promotion. (*Id.* at 3-4). Plaintiff filed a charge with the Equal Employment Opportunity Commission (or her EEO counselor) in August 2019. (*Id.* at 6). On December 17, 2020, the Agency issued its final decision "find[ing] no discrimination or harassment based on race and sex." (*Id.* at 22). In the Final Agency Decision, Plaintiff was also advised of her right to file a civil action in an appropriate United States District Court within ninety (90) calendar days of the date she received the final decision. (*Id.* at 22-23). Although Plaintiff now resides in Hoover, Alabama, she alleges that the discriminatory conduct occurred at the Durham VA Health Care System in North Carolina. (*Id.* at 3).

## II.     Standard of Review

"Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. *Basel v. Secretary of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir.2008)). "Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process." *Id.* (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008)). "First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant." *Id.* Second, "[i]f the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust [her] administrative remedies." *Id.*

## III.    Analysis

As explained below and after careful review, Defendant's motion is due to be granted for two reasons. First, Plaintiff failed to timely exhaust her administrative remedies. Second, Plaintiff has not met her burden to show that the Northern District of Alabama is a proper venue for this action, and transfer to the correct district court would be futile.

### A.  Failure to Exhaust Administrative Remedies

"Section 2000e–16(c) provides that an employment discrimination complaint against the Federal Government under Title VII must be filed '[w]ithin [ninety] days of receipt of notice of final action taken' by the EEOC." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 92 (1990) (the statute has been amended to provide potential plaintiffs with ninety days rather than thirty days);

2

*see* 28 U.S.C. § 2000e-16(c). Courts must strictly construe § 2000e-16(c) because it is a condition to the waiver of sovereign immunity. *Irwin*, 498 U.S. at 94.

Here, it is undisputed that Plaintiff did not file her complaint within the ninety-day limit. Regardless of when the court deems that Plaintiff received her Right to Sue letter (whether December 17, 2020 - the date the agency emailed her the final Agency Decision; December 22, 2020 - five days after the email and the date Defendant argues that Plaintiff is presumed to have received the letter; or January 5, 2021 - the date Plaintiff contends that she received the letter), Plaintiff did not timely file her judicial complaint in this court. Ninety days after the latest of those three dates (January 5, 2021) was Monday, April 5, 2021. However, Plaintiff filed the complaint on April 7, 2021. The requirements of § 2000e-16(c) must be strictly construed. Here, it is clear that Plaintiff failed to timely file her complaint.

Moreover, this is not a case where equitable tolling is appropriate. "Equitable tolling is an 'extraordinary remedy which should be extended only sparingly.'" *Davis v. Auburn Bank*, 704 F. App'x. 837, 841 (11th Cir. 2017) (citation omitted). Equitable tolling is appropriate when a plaintiff shows that she has diligently pursued her rights and some extraordinary circumstance prevented her from timely filing the complaint. *Id.*; *see Irwin*, 498 U.S. at 96 ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). In the Title VII context, the Eleventh Circuit has recognized three scenarios that meet this standard: "(1) when a state court action is pending; (2) when the defendant has concealed facts supporting a cause of action under Title VII; and (3) when the defendant misled the plaintiff about the nature of her rights under Title VII." *Davis*, 704 F. App'x at 841 (citing *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986)).[1]

---

[1] As Defendant notes, Plaintiff has not provided any legal authority that the Agency's purported untimeliness or delay in issuing a Final Agency Decision is a cognizable reason for the court to allow equitable tolling. (Doc. # 18

In this case, Plaintiff has not provided any evidence that she was diligently pursuing her rights after the Agency's final decision or that an extraordinary circumstance prevented her from timely filing the complaint. Rather, the record indicates that Plaintiff filed this action outside the ninety-day limitation period. Accordingly, Defendant's motion to dismiss for failure to timely exhaust administrative remedies is due to be granted.

### B. Improper Venue

In the alternative, Defendant moves to dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3). Plaintiff bears the burden of showing that venue is proper. *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006) (citing *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990)). Title VII's venue clause provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This clause provides "the exclusive venue provisions for Title VII employment discrimination actions." *Pinson*, 192 F. App'x at 817 (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)).

Plaintiff has not alleged that the unlawful employment practice occurred in the Northern District of Alabama; that the relevant employment records are maintained or administered in the Northern District of Alabama; that Plaintiff would have worked in the Northern District of Alabama but for the alleged unlawful employment practice; or that Defendant's principal office is

---

at 2-3). The court agrees. Courts should extend equitable tolling sparingly, and here Plaintiff has not provided any facts to show that the Agency's purported delay (or any other event or cause) prevented Plaintiff from timely filing her complaint in this court.

in the Northern District of Alabama. Therefore, Plaintiff has not met her burden to show that any portion of Title VII's exclusive venue provision indicates that the Northern District of Alabama is a proper venue for this action.[2] Accordingly, the motion to dismiss for improper venue is due to be granted.[3]

**IV.     Conclusion**

For the reasons provided above, Defendant's Motion is due to be granted.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 23, 2021.

                                                                        **R. DAVID PROCTOR**
                                                                        UNITED STATES DISTRICT JUDGE

---

[2] Defendant also argues that "Plaintiff has abandoned her ability to contest Defendant's motion for improper venue as she has not responded to it." (Doc. # 18 at 3).

[3] "The district court of a district in which is filed a case laying venue in the wrong … district shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought." 28 U.S.C. § 1406(a). Indeed, as a matter of fairness, a "court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling her claim." *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1175 (M.D. Ala. 2010) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 466-67 (1962)). However, here it would not be in the interest of justice to transfer this action. As the court has already concluded, this action is time-barred based on Plaintiff's failure to file this action within the ninety-day limitation period. So, transfer to the Middle District of North Carolina -- or any other district court -- would not permit Plaintiff to maintain a timely claim. Thus, it is appropriate for this court to dismiss this action in accordance with 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1406(a).